D. Maimon Kirschenbaum
Denise A. Schulman
Charles E. Joseph
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff and the FLSA Collective Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CHRISTINE ANDERSON, SARA ADLER, HODAN BULHAN, ELIZABETH CARDONA, TERESA RIVERA, LENICOLLE ESTEVEZ, DRAGANA TATIC, and CHARKARMALY SIDNEY on behalf of themselves and all others similarly situated,

                **Plaintiffs,**

      v.

BROADWAY REGENCY RESTAURANT, L.L.C. d/b/a/ AVA LOUNGE, BROADWAY 55TH LOUNGE LLC d/b/a Rm.Fifty5, VIKRAM CHATWAL, SANT SINGH CHATWAL, and RIC ADDISON,

                **Defendants.**
------------------------------------------------------------x

COMPLAINT

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

      Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Broadway Regency Restaurant, LLC is a New York limited liability company which does business as Ava Lounge, a lounge/bar located in the penthouse of the Dream Hotel at 210 West 55th Street, New York, New York.

5. Upon information and belief, Ava Lounge has an annual gross volume of sales in excess of $500,000.

6. Defendant Broadway 55th Lounge LLC is a New York limited liability company which does business as Rm.Fifty5, a lounge/bar located in the lobby of the Dream Hotel at 210 West 55th Street, New York, New York.

7. Upon information and belief, Rm.Fifty5 has an annual gross volume of sales in excess of $500,000.

8. Upon information and belief, Defendant Vikram Chatwal is an owner and operator of Ava Lounge and Rm.Fifty5 and has, at all relevant times, exercised sufficient

control of their day-to-day operations to be considered Plaintiffs' employer under the Fair Labor Standards Act and New York state law.

9. Upon information and belief, Defendant Sant Singh Chatwal is an owner and operator of Ava Lounge and Rm.Fifty5 and has, at all relevant times, exercised sufficient control of their day-to-day operations to be considered Plaintiffs' employer under the Fair Labor Standards Act and New York state law.

10. Defendant Ric Addison is an owner and operator of Ava Lounge and Rm.Fifty5. At all relevant times, he has exercised sufficient control of their day-to-day operations to be considered Plaintiffs' employer under the Fair Labor Standards Act and New York state law. He resides in New York, New York.

11. Plaintiff Christine Anderson is a New York resident. She was employed by Defendants as a cocktail waitress and/or bartender at Ava Lounge from in or around May 2003 to in or around October 2009.

12. Plaintiff Sara Adler is a New York resident. She was employed by Defendants as a cocktail waitress and/or bartender at Ava Lounge and Rm.Fifty5 from in or around September 2008 to in or around December 2009.

13. Plaintiff Hodan Bulhan is a New York resident. She was employed by Defendants as a cocktail waitress and/or bartender at Ava Lounge and Rm.Fifty5 from in or around June 2008 to in or around December 2009.

14. Plaintiff Elizabeth Cardona is a New York resident. She was employed by Defendants as a cocktail waitress at Rm.Fifty5 and Ava Lounge from in or around August 2009 to in or around December 2009.

15. Plaintiff Teresa Rivera is a New York resident. She was employed by Defendants as a bartender at Rm.Fifty5 and Ava Lounge from in or around February 2008 to in or around October 2009.

16. Plaintiff Lenicolle Estevez is a New York resident. She was employed by Defendants as a bartender at Rm.Fifty5 and Ava Lounge from in or around September 2008 to in or around January 2010.

17. Plaintiff Dragana Tatic is a New York resident. She was employed by Defendants as a cocktail waitress, bartender, and/or office manager at Ava Lounge and Rm.Fifty5 within the last three years.

18. Plaintiff Charkarmaly Sidney is a New York resident. She was employed by Defendants as a cocktail waitress and/or bartender at Ava Lounge and Rm.Fifty5 from in or around the summer of 2006 to in or around August 2008

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours

worked and one and one half times this rate for work in excess of forty (40) hours per workweek. The claims of the Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

21. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

22. Plaintiff brings the Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

23. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

24. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the Class.

25. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime, and spread of hours compensation; illegal retention of tips; illegal deductions from wages; and requiring them to purchase and maintain uniforms without reimbursement. Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

26. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour

litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

28. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

29. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

30. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

31. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert

their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

32. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

   a. Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law.

   b. Whether Defendants paid Plaintiffs and the Class members the New York State minimum wage for all hours worked

   c. Whether Defendants paid Plaintiffs and the Class members the overtime rate required by the New York Labor Law for hours worked in excess of 40 per workweek.

   d. Whether Defendants paid Plaintiffs New York's "spread of hours" premium for days on which the spread of hours exceeded ten (10).

   e. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work.

   f. Whether Defendants required Plaintiffs and the Class members to purchase and maintain uniforms without reimbursement.

   g. Whether Defendants charged Plaintiffs and the Class members for customer walkouts.

## FACTS

33. Plaintiffs' consent to sue forms are attached hereto as Exhibit A.

34. Defendants committed the following alleged acts knowingly, intentionally and willfully.

35. Defendants failed to pay Plaintiffs the federal minimum wage for all hours worked.

36. Defendants failed to pay Plaintiffs the New York State minimum wage for all hours worked.

37. In fact, Defendants did not pay Plaintiffs for all hours worked.

38. For example, Defendants held mandatory staff meetings that Plaintiffs attended. However, Defendants did not pay Plaintiffs for the time they spent at these meetings.

39. In addition, Plaintiffs' paychecks routinely reflected fewer hours worked than they in fact worked.

40. One manager said that regardless of the actual length of a shift worked by tipped employees, he wrote down that they worked for eight (8) hours. Plaintiffs typically worked shifts longer than eight (8) hours.

41. Plaintiffs often worked in excess of 40 hours per week.

42. However, Defendants almost never paid Plaintiffs for hours worked in excess of 40 per week.

43. One of Defendants' managers said that it was Defendants' policy not to pay employees for more than 40 hours per week, no matter how many hours they worked.

44. Plaintiffs and other tipped employees routinely worked 12-hour shifts.

45. Defendants did not pay Plaintiffs an additional hour's pay at the New York State minimum wage when they worked shifts longer than ten (10) hours.

46. Defendants have required tipped employees to purchase and, if necessary, alter uniforms. Defendants did not reimburse Plaintiffs for these expenses

47. Tipped employees are responsible for laundering their uniforms. Defendants did not reimburse Plaintiffs for the cost of laundering their uniforms.

48. Plaintiffs often worked at private events held at Ava Lounge and/or Rm.Fifty5.

49. Defendants charged private event customers a 20 percent gratuity for these events. This charge was referred to as a gratuity on customer contracts.

50. Defendants failed to distribute the entire 20 percent gratuity from these events to the tipped employees who worked at those events.

51. Instead, a portion of the 20 percent gratuity went to non-service employees, including managers and an event coordinator.

52. When Plaintiffs' customers walked out without paying, Defendants required Plaintiffs to pay for all or part of those customers' bills.

53. Defendants' managers said that it was Defendants' policy to charge employees for bills that customers failed to pay.

54. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

### FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*,**
**Brought by Plaintiffs on Behalf of**
**Themselves and the FLSA Collective Plaintiffs)**

55.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

56.     At all relevant times, the Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, the Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

57.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

58.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs are entitled to recover their respective unpaid compensation, liquidated (double) damages, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiff on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

59.     Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

60. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

61. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

62. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rate of one and a half times their regular rate for hours worked in excess of forty (40) hours per workweek.

63. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs are entitled to recover their respective unpaid compensation, liquidated (double) damages, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*
Brought by Plaintiff on Behalf of Themselves and the Class)**

64. Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

65. Defendants knowingly paid Plaintiffs and members of the Class less than the New York State Minimum Wage § 652 and supporting regulations of the New York State Department of Labor.

66. Defendants did not pay Plaintiffs the minimum wage for all hours worked.

67. Defendants' failure to pay Plaintiffs and Class members the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

68. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs and the Class members are entitled to recover their respective unpaid compensation, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

69. Plaintiffs do not seek liquidated damages for this claim.

### FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the Class)

70. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

71. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

72. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one and a half times their regular rate for hours worked in excess of forty (40) hours per workweek.

73. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs and the Class members are entitled to recover their respective unpaid compensation, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

74. Plaintiffs do not seek liquidated damages for this claim.

### FIFTH CLAIM FOR RELIEF
(Illegal Deductions from Pay and Gratuities, N.Y. Lab. L. §§ 193, 196-d
Brought by Plaintiffs on Behalf of
Themselves and the Class)

75. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

76. Defendants retained and/or misappropriated to managers and/or non-service employees portions of Plaintiff's tips and Class members' tips.

77. Defendants willfully deducted money from Plaintiffs' and Class members' pay for walkouts and the like.

78. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs and the Class members are entitled to recover their respective withheld gratuities, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

79. Plaintiffs do not seek liquidated damages for this claim.

### SIXTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7
Brought by Plaintiffs on Behalf of
Themselves and the Class)

80. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

81. Plaintiffs' and the Class members' workdays regularly lasted more than ten (10) hours.

82. Defendants willfully failed and intentionally failed to compensate Plaintiffs and Class members one hour's pay at the New York minimum hourly wage rate when their workdays lasted more than ten (10) hours.

83. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs and the Class members are entitled to recover their respective unpaid compensation, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

84. Plaintiffs do not seek liquidated damages for this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23;

D. Designation of Plaintiffs as Representatives of the Class;

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
January 28, 2010

Respectfully submitted,

JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP

By: _____
Denise A. Schulman

D. Maimon Kirschenbaum
Charles E. Joseph
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff, proposed collective action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.